This court on December 29, 1995, remanded this cause to the trial court with *Page 231 
directions that the trial court enter a new order addressing the allegations of ineffective assistance of appellate counsel that Cornelius Jackson, the appellant, raised in his 65-page Rule 32, Ala.R.Crim.P., petition. The petition attacked the appellant's August 1993 conviction for first-degree robbery. On return to remand, the trial court filed an order stating, in pertinent part, as follows:
 "Upon review of the Court's file, [the Court] finds that in the appellant's Rule 32 motion that was submitted to this Court, the appellant claimed denial of effective assistance of counsel and nothing more.
 "The appellant did not specify whether this ineffective assistance of counsel was trial counsel or appellate counsel, nor did he state any factual basis for this claim. Therefore, the Court amends its order denying his Rule 32 motion, to include that [the] motion is also denied because it lacks the required specificity required by Rule 32.6(b) of the Rules of Criminal Procedure."
We cannot agree with the trial court's determination that the appellant's Rule 32 petition failed to assert a claim of ineffective assistance of appellate counsel. As we indicated in our opinion on original submission, the appellant specifically alleged in his petition that his appellate counsel was ineffective for failing to ensure that the trial transcript was complete and for failing to argue on appeal (a) that the warrant for the appellant's arrest was invalid, (b) that the trial court had erred in allowing him to represent himself at trial without first ensuring that he had knowingly waived his right to counsel, and (c) that he had been denied his right to self-representation because of his stand-by counsel's unsolicited participation at trial. These claims appear in the appellant's argument in support of his petition filed in the trial court with his Rule 32 petition. (C. 19-26.) Moreover, he stated a factual basis for at least some of the specific instances of ineffective performance he alleged.
We find that it is necessary to again remand this cause to the trial court, with directions that the trial court specifically address each of the appellant's allegations of ineffective assistance of appellate counsel. Such claims must be considered and addressed by the trial court before they can be reviewed by this court. On remand, the trial court may conduct such further proceedings or take such evidence as it deems necessary. Should the trial court deny the appellant's claims, the trial court should state its reasons for doing so in a written order. A return should be filed with this court within 70 days after the release of this opinion.
REMANDED WITH DIRECTIONS.*
All the Judges concur.
* On February 13, 1998, on second return to remand, the Court of Criminal Appeals affirmed, without opinion. On April 3, 1998, that court denied rehearing, no opinion.